**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CRYSTAL L. C.,[1]

                               Plaintiff,                 5:24-cv-00732 (BKS/TWD)

v.

COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.

---

**Appearances:**

*For Plaintiff:*
Howard D. Olinsky
Olinsky Law Group
250 South Clinton Street – Suite 210
Syracuse, NY 13202

*For Defendant:*
Geoffrey M. Peters
Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.     INTRODUCTION

Plaintiff Crystal L. C. filed this action under 42 U.S.C. § 405(g) and § 1383(c)(3) seeking

review of a decision by the Commissioner of Social Security denying her application for

Supplemental Security Income benefits. (Dkt. No. 1). This matter was referred to United States

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

Magistrate Judge Thérèse Wiley Dancks for a Report-Recommendation. (Dkt. No. 5); N.D.N.Y. L.R. 72.3(e). On March 24, 2025, after reviewing the parties' briefs and the Administrative Record,[2] (Dkt. Nos. 8, 11, 13, 14), Magistrate Judge Dancks issued a Report-Recommendation recommending that Plaintiff's motion for judgment on the pleadings be denied, that the Commissioner's motion for judgment on the pleadings be granted, and that the Commissioner's decision be affirmed, (Dkt. No. 15). Plaintiff timely filed objections to the Report-Recommendation and the Commissioner responded. (Dkt. Nos. 16, 17). For the following reasons, the Court adopts the Report-Recommendation in its entirety and upholds the decision of the Commissioner.

## II.    STANDARD OF REVIEW

The Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. § 636(b)(1)(C)). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections "must be specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *See Kruger*, 976 F. Supp. 2d at 296. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of

---

[2] The Court cites to the Bates numbering in the Administrative Record, (Dkt. No. 8), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

the same arguments set forth in the original" submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

## III.    DISCUSSION

### A.    Report-Recommendation

The parties have not raised any objections to the facts or the legal framework set forth in the Report-Recommendation. (*See* Dkt. No. 15, at 1-5). The Court therefore adopts Magistrate Judge Dancks's summary of the factual and procedural background and applicable law and presumes familiarity with those matters for the purposes of this decision. The Court also adopts those aspects of the Report and Recommendation to which neither party has raised a specific objection, finding no clear error therein. *See Molefe*, 602 F. Supp. 2d at 487.

Plaintiff's principal argument before Magistrate Judge Dancks was that the ALJ erred in failing to consult a vocational expert at step five, relying instead on the medical-vocational guidelines, where Plaintiff contends that her non-exertional impairments significantly impact her residual functional capacity ("RFC"). (Dkt. No. 11, at 5-14). In evaluating Plaintiff's argument, Magistrate Judge Dancks explained that "at step five of the sequential disability evaluation, the Commissioner bears the burden of proving, despite the claimant's severe impairments, she is capable of performing work available in the national economy." (Dkt. No. 15, at 7 (citing 20 C.F.R. §§ 404.1520(f), 416.920(f))). As Magistrate Judge Dancks observed, "[i]n the ordinary case the Secretary satisfies [their] burden by resorting to the applicable medical vocation guidelines (the grids)[.]" (*Id.* (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986))). But Magistrate Judge Dancks also noted that, if a claimant's non-exertional impairments "significantly limit the range of work permitted by [their] exertional limitations[,] then the grids

3

obviously will not accurately determine disability status because they fail to take into account" the claimant's non-exertional impairments. (*Id.* (quoting *Bapp*, 802 F.2d at 605)).

Next, Magistrate Judge Dancks explained that "[a] non-exertional impairment 'significantly limits a claimant's range of work when it causes an additional loss of work capacity beyond a negligible one or, in other words, one that so narrows a claimant's possible range of work as to deprive [them] of a meaningful employment opportunity.'" (*Id.* at 8 (quoting *Tiffany G. v. Kijakazi*, No. 21-cv-0385, 2022 WL 3027144, at *9, 2022 U.S. Dist. LEXIS 135673, at *29-30 (N.D.N.Y. July 29, 2022))). As such, the existence of non-exertional limitations "does not automatically preclude reliance on the grids, or require that the ALJ consult a [vocational expert] . . . Where the claimant's non[-]exertional limitations did not result in an additional loss of work capacity, an ALJ's use of the grids is permissible." (*Id.* (quoting *Eugene David M. v. Comm'r of Soc. Sec.*, No. 21-cv-00529, 2022 WL 18587762, at *9, 2022 U.S. Dist. LEXIS 178219, at *27 (N.D.N.Y. Sept. 29, 2022), *report and recommendation adopted sub nom. Eugene D. M. v. Comm'r of Soc. Sec.*, No. 21-cv-529, 2023 WL 118758, 2023 U.S. Dist. LEXIS 2274 (N.D.N.Y. Jan. 6, 2023))). Magistrate Judge Dancks also noted that "an ALJ's determination of whether a claimant's non[-]exertional limitations significantly impact [their] ability to perform work constitutes a finding of fact, subject to deferential review." (*Id.* (quoting *Tashona R. D. v. Comm'r of Soc. Sec.*, No. 23-cv-0583, 2024 WL 4442722, at *9, 2024 U.S. Dist. LEXIS 173868, at *28 (N.D.N.Y. Aug. 12, 2024))).

Magistrate Judge Dancks then reviewed the ALJ's determination that Plaintiff's "postural and mental restrictions have little or no effect on her occupational base of unskilled light work[.]" (*Id.* at 9 (quoting R. 34)). Observing that the ALJ found Plaintiff had "moderate" limitations in the functional areas of (1) "understanding, remembering, or applying information;"

(2) "concentrating, persisting, or maintaining pace;" and (3) "adapting or managing oneself;" (*id.* (quoting R. 22-23)), Magistrate Judge Dancks concluded that "it is well-established that such moderate limitations in mental functioning do not prevent individuals from performing unskilled work[,]" (*id.* (quoting *Rushford v. Kijakazi*, No. 23-317, 2023 WL 8946622, at *2, 2023 U.S. App. LEXIS 34401, at *5  (2d Cir. Dec. 28, 2023) (Summary Order))).

Magistrate Judge Dancks also considered Plaintiff's argument that, based on the ALJ's determinations as to Plaintiff's restrictions, the ALJ found Plaintiff was "not merely limited to unskilled work." (*Id.* at 9-10). However, Magistrate Judge Dancks found that the restrictions identified by the ALJ "are consistent with the requirements of unskilled work." (*Id.* at 10-11 (citing *Zabala v. Astrue*, 595 F.3d 402, 411 (2d Cir. 2010); *Bridget S. v. Kijakazi*, 20-cv-1440, 2022 WL 2046364, at *13, 2022 U.S. Dist. LEXIS 101130, at *31 (N.D.N.Y. June 7, 2022); *Eugene David M.*, 2022 WL 18587762, at *4, *10, 2022 U.S. Dist. LEXIS 178219, at *9, *30)). Finally, Magistrate Judge Dancks concluded that Plaintiff's "reliance on other cases from within this circuit where the ALJ reached a finding of not disabled using the grids rather than [vocational expert] testimony is misplaced." (*Id.* at 11-12). Magistrate Judge Dancks found that substantial evidence supported the ALJ's conclusion that Plaintiff's non-exertional limitations "did not significantly limit the range of unskilled light work she could perform," and that therefore, "the ALJ's use of the grids to reach a finding of not disabled at step five was not erroneous." (*Id.* at 12).

### B.    Plaintiff's Objections

#### 1.    Reliance on Medical-Vocational Rules

Plaintiff objects to Magistrate Judge Dancks's recommendation that this Court "accept the ALJ's finding that Plaintiff's postural and mental restrictions have little or no effect on her occupational base of unskilled light work[,] and accept [the ALJ's] determination that an

unfavorable finding under the framework of the Medical-Vocational rules is acceptable without the testimony of a vocational expert." (Dkt. No. 16, at 1-2 (internal quotation and citations omitted)). Specifically, Plaintiff contends that Magistrate Judge Dancks improperly concluded that Plaintiff's "additional mental limitations" are consistent with unskilled work, and that Magistrate Judge Dancks "is making an extrapolation from the case law that this Court simply cannot make." (*Id.* at 2-4). The Commissioner disagrees, noting that Plaintiff's objections "largely mirror the arguments already presented to Magistrate Judge Dancks[,]" and that Magistrate Judge Dancks properly considered and rejected the case law cited by Plaintiffs. (Dkt. No. 17, at 1-6).

> The ALJ found in her residual functional capacity assessment that:
>
> [Plaintiff] is limited to performing work that needs little or no judgment to do simple duties that may be learned on the job in a short period of time. She retains the ability to understand and follow simple instructions and directions, perform simple tasks independently, maintain attention/concentration for simple tasks, regularly attend to a routine and maintain a schedule, and relate to and interact appropriately with all others to the extent necessary to carry out simple tasks; and the claimant can handle simple, repetitive work-related stress, in that she can make occasional decisions directly related to the performance of simple tasks in a position with consistent job duties that do not require her to supervise or manage the work of others.

(R. 25).[3] Without citing to any legal authority, Plaintiff contends that "[i]f [these] limitations are simply consistent with all unskilled work, then they are not 'additional' limitations at all and do not reflect" that the ALJ determined Plaintiff was moderately limited in three categories of mental functioning. (*See id.*). But Magistrate Judge Dancks correctly considered and rejected Plaintiff's argument that Plaintiff's moderate mental limitations are not consistent with the requirements of unskilled work. (*See* Dkt. No. 15, at 10-11 (citing *Bridget S.*, 2022 WL 2046364,

---

[3] In her original brief before Magistrate Judge Dancks, Plaintiff indicated that "she does not dispute the ALJ's findings regarding her severe impairments or the limitations caused by them as found in the ALJ's RFC." (Dkt. No. 11, at 4).

at *13, 2022 U.S. Dist. LEXIS 101130, at *31 (finding that, where claimant remained "capable of working in an environment that involves occasional decision-making, occasional changes in the work setting, and occasional use of judgment[,]" her mental limitations were "all included in the ability to perform unskilled work"); *Eugene David M.*, 2022 WL 18587762, at *10, 2022 U.S. Dist. LEXIS 178219, at *28-30 (affirming Commissioner's decision denying disability benefits where ALJ found claimant's non-exertional mental limitations "did not significantly limit his ability to perform, on a sustained basis, the basic demands of unskilled work[,]" because claimant "retained the ability to understand and follow simple instructions and directions, perform simple tasks independently, maintain attention and concentration for simple tasks, regularly attend to a routine and maintain a schedule, and relate to and interact appropriately with all others to the extent necessary to carry out simple tasks" (internal citation omitted)))). *See also Bartell v. Comm'r of Soc. Sec.*, No. 13-cv-843, 2014 WL 4966149, at *3, 2014 U.S. Dist. LEXIS 138078, at *8 (N.D.N.Y. Sept. 30, 2014) ("[V]arious courts have held that when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, limiting a claimant to only unskilled work sufficiently accounts for such limitations.") (collecting cases).

Magistrate Judge Dancks did not improperly "extrapolate" from the case law. Magistrate Judge Dancks correctly cited *Rushford v. Kijakazi* for the proposition that limitations in mental functioning such as Plaintiff's—i.e., moderate limitations in three of the four areas of mental functioning— "do not prevent individuals from performing unskilled work." (Dkt. No. 15, at 9 (quoting *Rushford*, 2023 WL 8946622, at *2, 2023 U.S. App. LEXIS 34401, at *5)). *Rushford* says nothing at all about vocational expert testimony, as Plaintiff herself concedes, (*see* Dkt. No. 16, at 3), and the lack of vocational expert testimony in Plaintiff's case had no bearing here on

the preliminary question of whether her moderate mental limitations significantly impact her ability to perform work. Because Plaintiff's limitations are consistent with the requirements of unskilled work, the Court agrees with Magistrate Judge Dancks that there was substantial evidence supporting the ALJ's conclusion that Plaintiff's non-exertional limitations did not significantly limit the range of unskilled work that she could perform. (*See* Dkt. No. 15, at 12).

Finally, as for Plaintiff's contention that "other Districts interpreting the same controlling law in the Second Circuit are routinely contradicting the Northern District[,]" Magistrate Judge Dancks already considered and rejected each case cited—again—by Plaintiff in her objections. (*Compare* Dkt. No. 11, at 13 (citing *Kessler v. Colvin*, 14-cv-8201, 2015 WL 6473011, 2015 U.S. Dist. LEXIS 145402 (S.D.N.Y. Oct. 27, 2015); *Chapparo v. Colvin*, 156 F. Supp. 3d 517 (S.D.N.Y. 2016); and *Correale-Englehart v. Astrue*, 687 F. Supp. 2d 396 (S.D.N.Y. 2010)) *with* Dkt. No. 15, at 11-12 (distinguishing *Kessler*, *Chapparo*, and *Correale-Englehart*) *and* Dkt. No. 16, at 4-5 (citing *Kessler*, *Chapparo*, and *Correale-Englehart* again)). This appears to be an "attempt to engage the district court in a rehashing of the same arguments set forth" in Plaintiff's original submission to Magistrate Judge Dancks. *See Ortiz*, 558 F. Supp. 2d at 451. The Court therefore reviews only for clear error, and finds none. *See id.*

The Court accordingly agrees with Magistrate Judge Dancks' determination that there was substantial evidence supporting the ALJ's determination that Plaintiff's non-exertional limitations "did not significantly limit the range of unskilled light work she could perform," and that therefore the ALJ's use of the grids to reach of finding of not disabled at step five was not erroneous. (*See* Dkt. No. 15, at 12).

### 2.    Postural Limitations

Plaintiff's second objection is that the ALJ "did not make the necessary findings to support a conclusion that Plaintiff's occasional postural limitations have no more than a 'negligible' impact on her ability to obtain other work[,]" and that Magistrate Judge Dancks "offers no reasoning as to why this determination should be accepted." (Dkt. No. 16, at 6). The Commissioner correctly observes that "Magistrate Judge Dancks did not expressly address this issue because . . . Plaintiff raised no such objections in her initial brief." (Dkt. No. 17, at 6 (citing Dkt. No. 11, at 5-14)). "[A] district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance." *Timothy B. v. Comm'r of Soc. Sec.*, No. 817-cv-0399, 2018 WL 3853999, at *1, 2018 U.S. Dist. LEXIS 136972, at *3 (N.D.N.Y. Aug. 14, 2018), *aff'd sub nom. Barnaby v. Berryhill*, 773 F. App'x 642 (2d Cir. 2019). Plaintiff makes no argument as to why the Court should consider this issue now, when it could have been, but was not, presented to Magistrate Judge Dancks.

In any event, Plaintiff does not explain why the ALJ's findings are inadequate. As the Commissioner notes, the ALJ explicitly reviewed Plaintiff's postural restrictions and found, with citation to agency authority, that those restrictions "are not significant and, as a result, have very little impact on the size of the remaining occupational base for unskilled light work." (Dkt. No. 17, at 6-7 (quoting R. 33-34)). Accordingly, Plaintiff's second objection to the Report-Recommendation is without merit.

## IV.    CONCLUSION

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 15) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 11) is

**DENIED**; and it is further

**ORDERED** that the Commissioner's Motion for Judgment on the Pleadings (Dkt. No.

13) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: <u>September 25, 2025</u>
      Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge